[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-12365

Non-Argument Calendar

_____

REGINALD DAWSON,

Plaintiff-Appellant,

*versus*

CITY OF JACKSONVILLE,
Jacksonville Sheriff's Office, Municipal
Code Compliance,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 3:21-cv-01041-HES-LLL

———————————

Before JORDAN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Reginald Dawson, proceeding *pro se*, appeals the district court's order dismissing with prejudice his amended complaint against the City of Jacksonville as an impermissible shotgun pleading. After careful review, we affirm.

## I.

Dawson initially filed this action against the city in state court. The city removed the action to federal court and then moved to dismiss the complaint, arguing that it was a shotgun pleading. The district court agreed and granted the motion to dismiss but allowed Dawson to file an amended complaint.

After Dawson filed an amended complaint, the city again moved to dismiss on the basis that Dawson had filed a shotgun pleading. The district court granted the motion and dismissed the action with prejudice. It explained that the amended complaint was a shotgun pleading because it was "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action" and also "assert[ed] multiple claims against

multiple defendants without specifying which claims are against which defendants." Doc. 22 at 2 (internal quotation marks omitted).[1]

This is Dawson's appeal.

## II.

We review the dismissal of a complaint as a shotgun pleading for abuse of discretion. *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1294 (11th Cir. 2018). Although *pro se* pleadings are held to less stringent standards than pleadings drafted by lawyers, issues not briefed on appeal by a *pro se* litigant are deemed abandoned. *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).

## III.

On appeal, Dawson does not argue that the district court erred in dismissing his amended complaint as a shotgun pleading. He has therefore abandoned the issue. *See Timson* 518 F.3d at 874. Even if Dawson had not abandoned this issue, however, we would conclude that the district court did not abuse its discretion in dismissing the amended complaint as a shotgun pleading.

The Federal Rules of Civil Procedure require a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In addition, the complaint must "state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed.

---

[1] "Doc." numbers refer to the district court's docket entries.

R. Civ. P. 10(b). The purpose of these rules is "to require the pleader to present his claims discretely and succinctly, so that, his adversary can discern what he is claiming and frame a responsive pleading." *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015) (internal quotation marks omitted).

Complaints that violate these rules are often referred to as "shotgun pleadings." *Id.* A shotgun pleading "fail[s] . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests" and "waste[s] scarce judicial resources, inexorably broaden[s] the scope of discovery, wreak[s] havoc on appellate court dockets, and undermine[s] the public's respect for the courts." *Shabanets*, 878 F.3d at 1295 (internal quotation marks omitted). We have identified four categories of shotgun pleadings: (1) those that "contain[] multiple counts where each count adopts all allegations of all preceding counts;" (2) those that are "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action;" (3) those that fail to "separat[e] into a different count each cause of action or claim for relief"; and (4) those that "assert[] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland*, 792 F.3d at 1321–23.

A district court has the inherent authority to dismiss a complaint on shotgun-pleading grounds. *Shabanets*, 878 F.3d at 1295. When a plaintiff files a shotgun pleading and fails to request leave

to amend, a district court must *sua sponte* provide him with one chance to replead before dismissing the case with prejudice. *Id.*

Here, the district court correctly concluded that Dawson's amended complaint was a shotgun pleading. A review of the amended complaint shows that it consisted of conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. *See Weiland*, 792 F.3d at 1322. Further, because the district court provided Dawson with an opportunity to amend his complaint to address the deficiencies that it had previously identified and Dawson failed to do so, the court did not abuse its discretion when it dismissed the amended complaint with prejudice.[2]

**AFFIRMED**

---

[2] Dawson also filed several motions with this Court requesting that a federal court rehear several cases brought against him regarding compliance with Jacksonville's municipal code. The motions are DENIED.